# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND E. JENKINS. | Case No. 1:14-cv-1097-AWI-BAM |
| Plaintiffs, | ORDER OF DISMISSAL WITHOUT PREJUDICE |
| v. | (Doc. 1) |
| DEPARTMENT OF JUSTICE, KAMALA HARRIS, and ERIN BROOK, | |
| Defendants. | |

Plaintiff Raymond Jenkins. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c)(1), Plaintiff filed his notice of consent on September 24, 2014 to have a United States Magistrate Judge conduct all further proceedings in this case, including trial and entry of final judgment. In his complaint, Plaintiff challenges his registration as a sex offender. As discussed below, Plaintiff's complaint is dismissed without prejudice.

**Screening Requirement**

The Court is required to screen complaints brought by persons proceeding in pro per. 28 U.S.C. § 1915A(a). Plaintiff's Complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted.

While persons proceeding pro se actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**ANALYSIS**

Plaintiff is currently incarcerated in the California Rehabilitation Center, a state prison facility. Plaintiff's complaint, submitted on a civil rights form, challenges his 1991 plea agreement in a sex offense conviction that resulted in Plaintiff registering as a sex offender for life. Plaintiff claims the Defendant, the Department of Justice, "blackmailed" him into agreeing to register as a sex offender and that he should be removed because he has been registered for twenty-two years, while he has not had a "sex case" in twenty-four years. Plaintiff seeks relief from the sex-offender registry so he can "run for office." (Doc. 1 at 6).

# **DISCUSSION**

In this case, Plaintiff has improperly filed his claim as a civil rights action. Traditionally, challenges to prison conditions have been cognizable only via § 1983, while challenges implicating the fact or duration of confinement must be brought through a habeas petition. *Docken v. Chase*, 393 F.3d 1024, 1026 (9th Cir. 2004).

Any claim by a prisoner attacking the validity or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code. *Calderon v. Ashmus*, 523 U.S. 740 (1998); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). A prisoner must bring a habeas petition if the nature of his claim is such that it would necessarily imply the invalidity of his conviction or continuing confinement. *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997) (§ 1983 claim); *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) ("[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.").

A district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983. *Wilwording v. Swenson*, 404 U.S. 249, 251, 92 S. Ct. 407, 30 L. Ed. 2d 418 (1971). The opposite is not true, however: a civil rights complaint seeking habeas relief should be dismissed without prejudice to bringing it as a petition for writ of habeas corpus. *Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995).

In this case, Plaintiff's allegations attack his 1991 plea agreement rather than the conditions of his confinement. When a state prisoner's § 1983 suit implicates the invalidity of his conviction (which, in the instant action, resulted from an allegedly unconstitutional plea agreement), the complaint must be dismissed unless the plaintiff can demonstrate that he has succeeded in getting the duration of the sentence changed in another forum, for instance by

succeeding with a state or federal habeas petition. This Plaintiff has not done; therefore, he has failed to state a cognizable claim under section 1983. Accordingly, the instant complaint is DISMISSED without prejudice.

### **CONCLUSION AND ORDER**

Based on the foregoing, the Court concludes that Plaintiff's complaint fails to challenge the conditions of his confinement. His claims implicate the invalidity of his conviction and are more appropriately addressed in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Therefore, the complaint is DISMISSED without prejudice to Plaintiff filing a habeas action.

It is HEREBY ORDERED that:

1. This action is dismissed without prejudice for failure to state a claim for which relief can be granted;
2. The Clerk shall close the file, terminate all pending motions, and enter judgment in accordance with this Order.

IT IS SO ORDERED.

Dated:   **October 21, 2014**              /s/ Barbara A. McAuliffe            
                                               UNITED STATES MAGISTRATE JUDGE